IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| PETER CHRISTOPHER,<br><br>Petitioner,<br><br>vs.<br><br>ESTELLA DERR,<br><br>Respondent. | Case No. 21-cv-00177 DKW-KJM<br><br>**ORDER DISMISSING PETITION UNDER 28 U.S.C. § 2241 FOR WRIT OF HABEAS CORPUS** |

Peter Christopher petitions, pursuant to 28 U.S.C. Section 2241, for a Writ of Habeas Corpus (Petition) that would direct the Federal Bureau of Prisons (BOP) to release him to "supervised release or home confinement immediately." Dkt. No. 1. Petitioner, however, was released from the BOP's custody on May 27, 2021. *See* https://www.bop.gov/inmateloc (last visited May 28, 2021). When a petitioner's claimed injury cannot be redressed by a favorable decision of the court, a petition for habeas corpus is moot. *Burnett v. Lampert*, 432 F.3d 996, 1000-01 (9th Cir. 2005). Here, Petitioner's claimed injury is that of not being released from confinement earlier. He has now, though, been released from confinement and begun his term of supervised release. Therefore, any relief the Court might fashion

would be no more favorable that that which has already occurred.[1]  Therefore, the Court finds the Petition (Dkt. No. 1) to be MOOT and DISMISSES it as such.  *Cf. Walker v. Sanders*, 385 F. App'x 747 (9th Cir. July 1, 2010) (concluding that petition under Section 2241, seeking immediate transition to a residential reentry center (RRC), was moot where the record reflected that the petitioner was "currently placed" at an RRC).

    The Clerk is instructed to CLOSE this case.

    IT IS SO ORDERED.

    Dated:  May 28, 2021 at Honolulu, Hawai'i.



    /s/ Derrick K. Watson
    Derrick K. Watson
    United States District Judge

---

[1] Indeed, ordering Petitioner to home *confinement* would be *less* favorable than his present situation, given that he is currently home and *not* confined.